UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

In re:                                    )
                                          )   Chapter 11
APPLEJACK ART PARTNERS, INC.,             )
                                          )   Case No. 10-
                Debtor.                   )
                                          )

**DEBTOR'S MOTION ON LIMITED NOTICE FOR ENTRY OF A STIPULATED BRIDGE ORDER AUTHORIZING LIMITED USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION IN ACCORDANCE WITH VT. LBR 4001-2(C) AND FOR FINAL AUTHORITY TO AUTHORIZE THE USE OF CASH COLLATERAL AFTER NOTICE AND HEARING**

Applejack Art Partners, Inc., the debtor and debtor-in-possession in the above-captioned case (the "Debtor"), hereby moves pursuant sections 105, 361, 362(a), and 363(c) of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (as amended, the "Bankruptcy Code") and Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for (i) entry of a stipulated bridge order authorizing the limited use of cash collateral and granting adequate protection pending final approval of the use of cash collateral, and (ii) permission to have such bridge order entered on an on limited notice without need for a hearing thereon in accordance with Rule 4001-2(c) of the Vermont Local Bankruptcy Rules (the "Local Rules") unless a hearing is otherwise scheduled by the Court and (iii) Authorize the use of Cash Collateral as agreed in the Bridge Order through October

6, 2010, after final hearing on notice. In support of this Motion, the Debtor respectfully represents as follows:[1]

## BACKGROUND

A.  The Chapter 11 Filing

    1.  On July 6, 2010 (the "Petition Date"), the Debtor filed voluntary petition for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 as amended (the "Bankruptcy Code").

    2.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

    3.  The statutory predicates for the relief requested herein are sections 105, 361, 362, and 363 of the Bankruptcy Code and Rules 2002, 4001 and 9014 of the Bankruptcy Rules.

    4.  The Debtor is engaged in the business of fine art publishing and licensing. It has an inventory of posters and prints and also prints on request. It maintains a significant database of fine work from various artists and publishers with the licensing authority to transfer the image onto items as requested. The company made some expansion decisions in the past few years which turned out to be improvident in light of the circumstances surrounding the purchases and the declining state of the economy. It has recently received an offer for the purchase of a substantial part of its assets and operations which the company believes to be in the

---

[1] In the event of any inconsistency between the Motion and the Stipulated Bridge Order, the Stipulated Bridge Order shall control.

best interest of its creditors. Without the sale, the company believes it would not be able to continue.

Need for Use of Cash Collateral.

4. Contemporaneously with the filing of this Motion, the Debtor filed a proposed stipulated bridge order requesting permission to use cash collateral, and has requested that an interim hearing related to the same be held on July 6, 2010.

5. The Debtor is a party to a prepetition loan agreement dated ) as            DESCRIBE IN DETAIL   ("Prepetition Loan Agreement")

6. Pursuant to the Prepetition Loan Agreement and related documents (the "Prepetition Loan Documents"), the Debtor granted to the Berkshire certain liens and security interests in a variety of forms of collateral, including, without limitation, collateral that constitutes "Cash Collateral" as defined in section 363 of the Bankruptcy Code (with all such collateral, to the extent subject to valid liens, being referred to herein as the "Prepetition Collateral" and the liens thereon being referred to as the "Prepetition Liens"). The Debtor believes the Prepetition Liens cover substantially all of the Debtor's assets and Cash Collateral.

7. Accordingly, the Debtor believes it does not have available sufficient sources of unencumbered working capital and financing to operate its business in the ordinary course of business. Specifically, absent the right to use Cash Collateral, the Debtor believes there may be a disruption of the Debtor's business and operations which could prevent, among other things, their ability to fund operating expenses, obtain needed supplies and retain customer and supplier confidence by demonstrating an ability to maintain normal operations.

## RELIEF REQUESTED

8.  In order to avoid the immediate and irreparable harm to the Debtor's estate that will occur if the Debtor is not allowed to use Cash Collateral prior to the interim hearing so as to maintain normal business operations, the Debtor has requested that Berkshire permit the use of Cash Collateral.

9.  In turn, Berkshire has consented to the use of its Cash Collateral to the extent set forth in the attached Stipulated Bridge Order Authorizing Limited Use of Cash Collateral and Granting Adequate Protection (the "Stipulated Bridge Order").  The Berkshire consents to the use pending final hearing and final use of Cash Collateral for the Specified Period. As adequate protection, the Stipulated Bridge Order permits the use of Cash Collateral for the period up to and including the date on which the Motion will be considered on a final basis upon notice, and continuing for a 90 day period through October 6, 2010.  The Debtor shall pay to the Bank on an ongoing basis, during the Specified Period, commencing on August 6, 2010, then on September 6, 2010, and October 6, 2010, monthly principal payments in the amount of $20,000 each, together with monthly payments of interest on all amounts due pursuant to the Prepetition Loan Documents.  These estimated monthly interest payments are $7,430.00 each.  Additionally, as further adequate protection payments, within two (2) business days from the date of this Order, Magaw Graphics, Inc. will execute and deliver to the Bank a promissory note in the amount of $30,000, together with interest at the rate of 5% per annum, due and payable in full on October 6, 2010.

10. By this Motion, the Debtor seeks to have this Court enter the Stipulated Bridge Order on limited notice and on an immediate basis without the

need for further hearing unless otherwise determined by the Court, but subject to further consideration of Cash Collateral issues on _____ at the time of the final hearing on this Motion.

11. Section 363(c)(2) of the Bankruptcy Code allows a Debtor to use Cash Collateral to the extent that entities with an interest in such collateral have consented to the same. Sections 363 and 361 of the Bankruptcy Code allow the Court to furnish to the secured creditor adequate protection in such cases. Pursuant to the Stipulated Bridge Order, the Debtor has obtained the consent of Berkshire to use Cash Collateral and have accordingly requested authorization to grant related adequate protection in the form of replacement liens and superpriority claims for the diminution in value of any Prepetition Collateral during the period of the Stipulated Bridge Order.

12. The Debtor believes that the Berkshire is the only party with an interest in the Cash Collateral to be used under the Stipulated Bridge Order and thus believe that the bridge order may be entered upon their consent on an *ex parte* basis pursuant to Local Rule 4001-2(c). Nonetheless, the Debtor has provided certain limited notice as set forth below.

## NOTICE

13. Notice of this Motion has been provided to (a) the Office of the United States Trustee, (b) Berkshire, (c) the secured creditors, and (d) the twenty largest unsecured creditors. The Debtors submit that no other or further notice need be provided prior to entry of the Stipulated Bridge Order.

14. The Debtor will provide this Motion, the Stipulated Bridge Order, and the proposed Final Order, on: (a) the Office of the United States Trustee, (b) the holders of the Debtor's secured claims, (c) the holders of the Debtors' twenty largest unsecured claims, and (d) all parties that have filed prior to the date of service requests for notice of matters in this case. The Final Hearing Notice shall state that any party in interest objecting to the entry of the proposed Final Order shall file written objections with the Clerk of the Bankruptcy Court no later than \_\_\_\_\_. on _____ \_\_, 2010.

## WAIVER OF MEMORANDUM OF LAW

15. This Motion does not raise any novel issues of law. Accordingly, the Debtor respectfully requests that the Court waive the requirement of Local Rule 9013-2 that the Debtor file a separate memorandum of law in support of this Motion. The Debtor, however, reserves the right to file a memorandum of law as necessary.

## NO PRIOR REQUEST

16. No previous motion for the relief sought herein has been made to this or any other court.

WHEREFORE, the Debtor respectfully requests that the Court grant the relief requested in the Motion by entering the Stipulated Bridge Order and granting final relief as set forth in the proposed Final Order as set forth above, and grant such other and further relief as is just and proper.

Dated: 7/6/10

/s/ Jennifer Emens-Butler
Raymond J. Obuchowski (Bar ID 000502389)
Jennifer Emens-Butler (Bar ID 000845663)
OBUCHOWSKI & EMENS-BUTLER
P.O. Box 60, 1542 Vt. Rt. 107
Bethel, Vermont 05032
Telephone: (802) 234-6244
Facsimile: (802) 234-6245

Attorneys for Debtor and
Debtor-in-Possession