UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

| In re: | : | No. 10-10911 |
|---|---|---|
| APPLEJACK ART PARTNERS, INC | : | Chapter 11 |
| Debtor. | : | |

## DEBTOR'S MOTION TO APPROVE COMPROMISE AND SETTLEMENT WITH LITIGATION PARTIES

**NOW COMES** Applejack Art Partners, Inc., Chapter 11 Debtor, by and through its attorneys, Obuchowski & Emens-Butler, PC, and hereby requests approval of a compromise and settlement reached among the parties to the lawsuit pending in Bennington Superior Court entitled Applejack Art Partners, Inc. vs. Pela Concept, et al. In support of this motion, the Debtor states as follows:

1. On or about July 6, 2010, Applejack Art Partners, Inc. filed its petition for relief under Chapter 11 of the Bankruptcy Code seeking reorganization. The company will continue in possession of its property and will continue operations as Debtor in Possession.

2. The Debtor is engaged in the business of fine art publishing and licensing. It has an inventory of posters and prints and also prints on request. It maintains a significant database of fine work from various artists and publishers with the licensing authority to transfer the image onto items as requested. The Debtor filed for bankruptcy protection after making some expansion decisions in the past few years which turned out to be improvident in light of the circumstances surrounding the purchases and the declining state of the economy. The factual background regarding the Debtor, and the events leading to the filing of this Chapter 11 case, is set forth in detail in the 1007 Affidavit.

3. The Debtor continues to manage its assets as debtor in possession pursuant to Bankruptcy Code sections 1107 and 1108.

4. As of the commencement of the Chapter 11 proceeding, the Debtor has approximately $6.8 million in secured claims, collateralized by approximately $5 million in assets. The unsecured creditors total approximately $5.4 million, with the two largest creditors together holding claims of over $3 million. The 20 largest creditors hold claims in the range between approximately $20,000 and $1.5 million.

5. The Debtor lists over 600 unsecured general creditor claims, many which are comprised of undisputed artists' claims with pending license agreements. Over 400 of the listed creditors hold claims of less than $1,000.00. Over 500 of the listed creditors hold claims of less than $5,000.00.

6. The Debtor is a party to litigation which was pending in Bennington Superior Court on the date of filing, between the Debtor; Pela Concept, Inc. ("Pela"), various named artists; and Wild Apple Graphics. *See* Debtor's Rule 1007 Affidavit (Docket # 2), paragraph 6c. The following summary is for conceptual purposes and is not intended to fully describe the parties' causes of action or include all legal arguments pertaining to each cause, which have now been settled. Prior to the bankruptcy filing, Pela and the artists had created designs out of which the Debtor had manipulated to make derivative images as agreed. The Debtor then licensed these derivative images to manufacturers. The artists would remain owners of their original copyrighted image but there was also a shared copyright between the Debtor and the artists for the derivative image. A dispute ensued when the Debtor fell behind in the payment of royalties to Pela and the artists and also when the Debtor discovered that the derivative images were being duplicated by Pela and the artists and licensed through another company, Wild Apple Graphics. The Debtor sued for breach of contract sounding in infringement due to the relicensing of the

derivative images created by the Debtor from the original works. The artists countersued for past-due royalties, alleged to total approximately $198,000 as of the petition date.

7. The parties to the litigation have reached the settlement agreement attached to this Motion (without Exhibits) as Exhibit "A". Essentially, Pela and the artists will forgive all royalties owed by the Debtor through the petition date, which may total approximately $198,000. The licensing of certain images would be terminated but the manufacturing and licensing of specific images, as attached to the agreement, would continue. Post-petition, Pela and the artists would collect the licensing royalties, rather than the Debtor, and forward the Debtor its share of the royalties as set forth in the distribution schedule in the Settlement Agreement (approximately 50%). Because time has passed between the petition date and the date of this Motion, the parties have also agreed that if the Debtor is unable to pay the post-petition royalties accumulated since the petition date, Pela and the artists will capture that amount going forward from the future royalty stream until that amount is paid in full. The Debtor is authorized to continue its licensing of the agreed images attached to the Settlement Agreement.

8. Subject to this Court's approval, the Debtor will honor a post-petition claim of Pela and the Artists in the approximate amount of $60,000.00, representing the royalties owing since the petition date. This is not an administrative claim, per se, but represents monies that do not belong to the Debtor and never have belonged to the Debtor under the licensing agreements. The funds comprise royalties owing to Pela and the artists, representing only a percentage of monies collected by the Debtor, which were to be held for Pela and the artists under the contracts. Because of the Debtor's financial condition, the Debtor will remain indebted to Pela and the artists for potentially the full $60,000.00, which will be withheld going forward from the income stream from the sale of the artworks until paid in full. Once the post-petition amount is

paid, the Debtor will again receive funds from the sale of the artworks under these licensing agreements.

9. This litigation has essentially been stayed during the pendency of the Chapter 11 case, but the parties have been working tirelessly toward reaching this agreement. The Debtor and the litigation parties believe that the settlement is in their respective best interest, and the Debtor believes it is in the best interest of the Estate and the creditors, since Pela and the artists are foregoing arguably $198,000.00 in pre-petition royalties, and allowing the Debtor to continue licensing these income-producing works. The agreement also allows the Debtor to pay the post-petition royalties over time, by way of foregone income, instead of potentially crushing the Debtor by enforcing a right to immediate turnover of funds which were to be held for the benefit of Pela and the artists.

10. It is in the estate's best interest to avoid the risks of litigation, and the attorney's fees and litigations costs of prosecuting and defending the action. The Debtor has agreed to settle in its best business judgment and believes that in the absence of settlement, there could be a much larger claim against the estate. Settlement allows resolution of the action immediately, without the expenditure of any further legal fees and expenses on the issue of liability, and allows the Debtor to continue to license and sell profitable artworks.

**WHEREFORE** the Debtor requests that the Settlement Agreement attached to the Motion be approved and that the Court grant such other and further relief as the Court deems just and proper.

**DATED** at Royalton, Vermont: November 1, 2010

                                  **APPLEJACK ART PARTNERS, INC.**
                                  *Debtor in Possession*

                        By:   /s/  Jennifer Emens-Butler
                                Jennifer Emens-Butler, Esq.
                                Its attorneys
                                Obuchowski & Emens-Butler, PC
                                PO Box 60, Bethel, VT
                                (802) 234-6244

**CERTIFICATE OF SERVICE**

I, Jennifer Emens-Butler, Esquire, hereby certify that on this date, I electronically filed the foregoing document and that it was presumably served vie CM/ECF to the parties on record who receive electronic notice in this case.

DATED at Royalton, Vermont: November 1, 2010.

                        By:    /s/ Jennifer Emens-Butler ___
                                  Jennifer Emens-Butler, Esq.