UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT
--------------------------------------------------------X

*In re:*          **Case No.: 10-10911**

**Applejack Art Partners, Inc.,**          **Chapter 11**

              *Debtor.*
--------------------------------------------------------X

# The United States Trustee's Objection to Adequacy of Information In the Debtor's Disclosure Statement and Plan

To: Hon. Colleen A. Brown, United States Bankruptcy Judge

Tracy Hope Davis, the United States Trustee for the Region 2, respectfully submits this objection to the adequacy of information in the proposed first amended disclosure statement and plan dated February 3, 2011 [Docket No. 70 and 71], filed by the debtor in this case under Chapter 11 of the Bankruptcy Code. A hearing on the adequacy of information contained in the disclosure statement and plan, pursuant to 11 U.S.C. § 1125, is currently scheduled for **July 14, 2011 at 10:00 AM.**

For the reasons noted below, the United States Trustee believes that the disclosure statement is deficient and does not meet the standards of "adequate information" within the meaning of 11 U.S.C. §1125(a). Accordingly, the United States Trustee requests that, in the absence of amendments, the Court not approve the proposed disclosure statement.

In support of this objection, the United States Trustee respectfully represents and alleges as follows:

1. The debtor commenced this proceeding by filing a voluntary petition under Chapter 11 on July 6, 2010.

**Tax Claims**

2.   Both the disclosure statement, at page 13 and the plan, at page 13, state the debtor's belief that there are no priority tax claims.  The debtor fails to mention Claim No. 13-1 filed by the New York State Department of Taxation and Finance in the amount of $17,769.10[1] or other claims filed by tax authorities.  Because this is a liquidating case, all distributions to higher classes effect lower classes' repayments.  In any event, there is not adequate information in the disclosure statement and plan regarding tax claims.

**Claims Objections**

3.   Vermont Local Bankruptcy Rule ("Vt. LBR") 3007-1, Claims – Objections, in pertinent part states:

> **(c) Objections to Claims in Chapter 11 Cases.** Any objection to a claim in a Chapter 11 case shall be filed and served prior to the hearing held to consider and approve a disclosure statement, unless otherwise ordered by the Court.

4.   The Plan, at Article 14, page 23, creates a substantially different claims objection process than is provided for in Vt. LBR 3007-1.

5.   Specifically, the debtor proposes;

> 14.01. Objections to Claims. Any party in interest may object to an Impaired Claim, other than an Impaired Claim otherwise allowed as provided in this Plan, by filing an objection with the Bankruptcy Court and serving such objection upon the holder of such Claim not later than the last to occur of (a) the 60th day following the Effective Date, (b) 30 days after the filing of the proof of claim of such Claim, or (c) such other date set by order of the Bankruptcy Court (the application for which may be made on an ex parte basis), whichever is later.

6.   Vt. LBR 3007-1 requires Chapter 11 debtors seeking to alter the claims objection process to obtain such approval from the Court *prior to* approval of the disclosure statement.

---

[1]  Comprised of $13,828.22 in priority debt and $3,850.88 in general unsecured debt.

7.    The debtor has not filed a motion or application to alter the claims objection process from that detailed in Vt. LBR 3007-1.

8.    Accordingly, the United States Trustee respectfully submits that the disclosure statement is premature and should not be approved as proposed.

**Administrative Expenses**

9.    Section 2.01 of the Plan, states, "[e]ach holder of an Allowed Administrative Expense shall be paid in full upon receipt of the Excluded Asset Proceeds and distribution by the Plan Fund Administrator."  The Plan does not analyze unpaid "Allowed Administrative Expenses" nor  contemplate how these will be paid in the event of insufficient sale proceeds.  Therefore, the Plan is objectionable for lack of information and because it is unclear whether this liquidating plan is "feasible" in the sense of being administratively solvent or not.  11 U.S.C. § 1129(a)(11).

**Plan Fund**

10.    The Plan, Article 8.03, et seq., page 18 attempts to create a mechanism for administration and distribution called a Plan Fund, very similar to a trust, for all post-confirmation purposes.  It is the position of the United States Trustee that, but for the name ascribed to this mechanism, it is by powers granted and duties imposed, a trust.  No separate trust document is attached to the disclosure statement or plan.

11.    Section 8.04 of the Plan summarily states that a "Plan Fund Administrator" will be appointed by the Court by way of the Confirmation Order.

12.    The United States Trustee objects to any provision requiring the Court to appoint a Plan Fund Administrator because it is tantamount to the Court appointing a receiver, which is contrary to 11 U.S.C. § 105(b).

13.    Section 8.04(iii) of the Plan states, in pertinent part:

With the exception of any causes of action, rights in action, or claims released, settled or otherwise compromised by the terms of the Plan, the Administrator shall have the sole discretion to initiate and prosecute, or compromise and settle, any and all claims, actions or claims objections. No claims objection or suit may be filed after 60 days following the Effective Date. The Debtor anticipates no retained actions.

14.    This provision creates a claims objection mechanism contrary to Vt. LBR 3007-1. The debtor has not sought approval of the claims objection mechanism prior to approval of the disclosure statement.

15.    Section 8.04(v) of the Plan calls for one or both of the "Plan Administrator" to inform parties in interest of the status of the case, but fails to require specific time intervals for such information to be disseminated.

16.    This provision is also objectionable because it allows the "Plan Administrator" to take actions deemed necessary after no objections are received after a 20 day notice by mail to a list the "Plan Administrator" retains.  Disputes are to be resolved by the Court, but the Plan fails to state whether the "Plan Administrator" would be authorized to bring motions or adversary proceedings.

17.    Section 8.04(i) allows the "Plan Administrator" to serve without bond.  The United States Trustee objects to such a provision.  Bonds should be in an amount defined as 110% of money actually held, to be re-evaluated quarterly until all funds are disbursed.

18.    Accordingly, the United States Trustee respectfully submits that the disclosure statement and plan lacks adequate information regarding post-confirmation administration.

**Conclusion**

19.    It is possible that absent amendment, one or more of the issues described above will render the plan unconfirmable as a matter of law under 11 U.S.C. §§ 1129(a)(1), (2) and (3). The United States Trustee suggests that in order to avoid a costly, yet futile, solicitation process,

the Court should deny approval of a disclosure statement which describes an unconfirmable plan.

*See In re Washington Associates,* 147 B.R. 827 (E.D.N.Y. 1992); *In re Copy Crafters Quickprint, Inc.*, 92 B.R. 973, 980 (Bankr. N.D.N.Y. 1988); *In re Pecht*, 53 B.R. 768 (Bankr. E.D. Va. 1985); *In re Kehn Ranch, Inc.*, 41 B.R. 832 (Bankr. D. S.D. 1984).

**WHEREFORE,** the United States Trustee respectfully requests the Court enter an Order denying the debtor's motion for approval of its disclosure statement on the basis that the disclosure statement lacks adequate information pursuant to 11 U.S.C. § 1125, that the Court set a date certain by which an amended disclosure statement and plan shall be filed, and for such other and further relief as the Court may deem just and proper.

DATED:      June 29, 2011                      Respectfully submitted,
               Albany, New York

Tracy Hope Davis
United States Trustee
For Region 2


    /s/   Kevin Purcell
Kevin Purcell
Trial Attorney
74 Chapel Street, Suite 200
Albany, New York 12207
(518) 434-4553