UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

| | |
|---|---|
| IN RE: ) | |
| ) | Case No. 10-10911 |
| APPLEJACK ART PARTNERS, INC. ) | Chapter 11 |
| ) | |
| Debtor. ) | |

## OBJECTION OF WACHOVIA BANK, A DIVISION OF WELLS FARGO BANK, N.A., TO APPROVAL OF DEBTOR'S DISCLOSURE STATEMENT

Wachovia Bank, a secured creditor of the Debtor and Debtor-in-Possession ("Debtor"), hereby objects to the approval of the Debtor's Disclosure Statement dated May 20, 2011 ("Disclosure Statement"), on the following grounds:

1. The Disclosure Statement describes a liquidating plan under which the business assets of the Debtor will be auctioned to pay off the debts secured by liens on those assets, and the Debtor will attempt to sell its real estate for six months, failing which the Debtor will stipulate to a foreclosure judgment in favor or Wachovia.

2. The Debtor values the real estate at $3.5 million, but makes no disclosure of the basis for this valuation. Nor does the Debtor provide any information concerning its marketing efforts to date, whether the property is currently listed for sale, or whether the Debtor has received any indications of interest in the property at the value assigned by the Debtor. The Disclosure Statement contains no information as to the Debtor's past or future marketing plans.

3. The Disclosure Statement acknowledges that there is at least $4 million of outstanding mortgage debt against the real estate, owed to two creditors. Thus, the Debtor has admittedly no equity in the property, and no prospect for recovering anything from the sale of the Property.

4. The Disclosure Statement makes reference to planned interest payments to Wachovia and the second mortgage holder, VEDA, during its proposed marketing period, but makes no reference to any plan for payment of property taxes or insurance on the property. Moreover, the Disclosure Statement contains no information concerning the outstanding leases to any tenants in the property, the status of those leases, any revenues it expects to generate from those leases, or the plan for any wind-up of those leases.

5. It is impossible to determine from the limited information disclosed whether the continued marketing of the property by the Debtor is in the best interest of the estate, or of the secured or unsecured creditors. As there could be no direct economic benefit to the Debtor from selling the property, there must be some indirect or intangible benefit the Debtor perceives from maintaining control of the property, but this is not referenced in the Disclosure Statement. If the Debtor does not sell the property within the time it has proposed, and stipulates to foreclosure at that time, in November, the property will have to go through the foreclosure process in the Winter, and be maintained over the Winter months pending auction sale during the 2012 selling season. This would likely result in increased debt owed to Wachovia, the holder of the first mortgage. If the Debtor's continued control will merely increase the amount of the secured debt against the property, which already exceeds its value substantially, this only serve to increase the amount of the undersecured claim of VEDA, thereby diluting the claims of all other unsecured creditors. There is simply not enough information contained in the Disclosure Statement for any secured or unsecured creditor to make an informed judgment whether to support the plan as proposed, as it relates to the sale of the Debtor's real estate.

WHEREFORE, for all the foregoing reasons, Wachovia respectfully requests that the Court deny approval of the Disclosure Statement until such time as the Debtor makes disclosure

of sufficient information now lacking, as described above, to enable creditors to properly evaluate its proposed plan for sale of its real estate.

Burlington, Vermont                                June 29, 2011

                                                   DOWNS RACHLIN MARTIN, PLLC

                           By:    /s/ Andre D. Bouffard
                                  Andre D. Bouffard
                                  Attorneys for Wachovia Bank
                                  199 Main Street
                                  P.O. Box 190
                                  Burlington, VT 05402
                                  (802) 863-2375

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **OBJECTION OF WACHOVIA BANK, A DIVISION OF WELLS FARGO BANK, N.A., TO APPROVAL OF DEBTOR'S DISCLOSURE STATEMENT** was filed through the ECF system and was sent electronically to the registered participants as identified on the Notice of Electronic Filing generated in connection with this document.

                                   /s/ Andre D. Bouffard
                                  Andre D. Bouffard

4304196.1

DOWNS
RACHLIN
MARTIN PLLC                                3